UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA MYERS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| CHRISTINA R. HAROLD, an individual, and ) | |
| THE DANCE SHOP INC., an Illinois ) | Plaintiff Demands Trial By Jury |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

Now comes plaintiff, Amanda Myers ("Myers"), by her undersigned counsel, and for her Complaint against defendants Christina R. Harold ("Harold") and The Dance Shop, Inc. ("The Dance Shop"), respectfully states as follows:

### INTRODUCTION

1. Harold and The Dance Shop are now performing original works choreographed by Myers in the United States.

2. In violation of the copyright laws, Defendants have knowingly, willfully and without authority, copied and misappropriated original works of choreography created and owned by Myers for use in public performances.

### PARTIES

3. Plaintiff Myers is a resident of Chicago, Illinois.

4. Defendant Harold is a resident of Oak Lawn, Illinois. Harold is commonly known as "Tina" Harold.

5. Defendant The Dance Shop is an Illinois corporation with a principal place of business at 11025 S. Ridgeland Ave., Chicago Ridge, Illinois.

6. Harold is the President of The Dance Shop. On information and belief, Harold owns and controls the operations of The Dance Shop.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of Plaintiff's copyright claims under the Copyright Act of 1976 pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction of Plaintiff's claim for unjust enrichment - quantum meruit under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Harold because she resides in this judicial district and does systemic and continuous business in Illinois and in this judicial district.

9. Venue of these claims is proper in this district pursuant to 28 U.S.C., § 1391(b)(1) and (b)(2) because Myers and Harold both reside in this judicial district and, as detailed herein, a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

**A.** **Amanda Myers and Her Choreographic Works**

10. Myers is a national dancer and choreographer. In 2009, she appeared on the FOX television show "So You Think You Can Dance" and in 2011 and 2012 was a certified choreographer with the American Dance Training Camp. Myers has choreographed competitive dances for numerous dance studios and is presently the owner and president of Precision Dance Project.

11. Members of the dance community usually contend with the competing goals of maintaining a creative vision and making a living. Because choreographers frequently struggle

financially, they sometimes enter into work-for-hire agreements with dance studios under which they give up ownership rights in original choreographic works they create at the dance studio. In other situations, choreographers might accept the benefits of an employee-employer relationship with a dance studio and likewise give up ownership of original works choreographed by them in the scope of their employment. In order to maintain creative control over original works created at a dance studio, a choreographer must be an independent contractor and insist on not signing a work-for-hire agreement.

12. Between September 2011 and February 2015, The Dance Shop engaged Myers as an independent contractor to work as a dance class teacher and as the director of The Dance Shop's competition team.

13. No written or oral agreements existed between Myers, on the one hand, and Harold and/or The Dance Shop, on the other hand. At no time did Myers ever have a work-for-hire agreement with The Dance Shop or Harold.

14. At no time was Myers ever an employee of The Dance Shop.

15. Myers created, independently, wholly original dance choreography for numerous dances while an independent contractor at The Dance Shop, including, without limitation, the following:

    a. *"Desperate Housewives,"*

    b. *"Guts & Glory,"*

    c. *Piece Choreographed to the song "Baby I'm A Star,"*

    d. *"Music Box Dancer,"* and

    e. *Piece Choreographed to the song "Turn Down for What."*

These are collectively referred to herein as the "Choreographic Works."

3

16. On August 17, 2015, Myers submitted applications to register all five of the Choreographic Works with the United States Copyright Office by using its eCo Registration System to electronically transmit to the United States Copyright Office: (i) completed Forms PA, (ii) payment of the correct registration fee for each form submitted, and (iii) videos of the copyrightable material. True and correct copies of the pending Applications are attached hereto as Group Exhibit A.

17. At all relevant times during the design and creation of the Choreographic Works, Myers was acting as an independent contractor and was not working for the Defendants under any written agreement.

18. None of the original Choreographic Works created by Myers resulted, in whole or in part, from the contributions of any employee of The Dance Shop or any person in a work-for-hire relationship with The Dance Shop and/or Harold.

19. None of the original Choreographic Works created by Myers resulted from the contributions of any other person and Myers never had any intent to allow another person to make any contributions to any of the Choreographic Works.

20. All original works of authorship created by Myers belong exclusively to Myers.

21. On or about February 25, 2015, Myers terminated her relationship with Defendants and ceased her work as an independent contractor with The Dance Shop.

**B.  Defendants' Infringement of Myers's Choreographic Works**

22. On February 25, 2015 and again on March 6 and March 9, 2015, Myers sent text messages directly to Harold requesting that The Dance Shop cease and desist from any use of the Choreographic Works. In response to the first of these requests, Harold replied, "Whatever."

23. As owner and President of The Dance Shop, Harold had the authority and ability to comply with Myers's request.

24. Notwithstanding Myers's request, on May 30 and 31, 2015, The Dance Shop performed a recital on two consecutive nights at the theater in Amos Alonzo Stagg High School in Palos Hills, Illinois (the "Recital"). Admission was charged on both days. The Recital included performances on both nights of the following Choreographic Works: "*Desperate Housewives,*" "*Baby I'm a Star,*" "*Music Box Dancer,*" and "*Guts and Glory.*" The program for the Recital credited Myers as the choreographer for all four works. *See* Exhibit B hereto.

25. The program for the Recital also stated that "Ryan Brandt" was a co-choreographer with Myers for *Piece Choreographed to the song "Baby I'm a Star"* and "*Music Box Dancer.*" Ryan Brandt is not a joint author of any of the Choreographic Works and had no involvement in developing the Choreographic Works. Rather, Ms. Brandt used the pre-existing, original choreography developed by Myers and slightly modified those works to create two unauthorized, derivative works of *Piece Choreographed to the song "Baby I'm a Star"* and "*Music Box Dancer.*"

26. In addition, the program for the Recital listed "*Baby I'm a Star*" and "*Music Box Dancer*" as having "Direction by" Ms. Brandt, and "*Desperate Housewives*" and "*Guts & Glory*" as having "Direction by" Mr. Charles Lawrence. To the extent Mr. Brandt or Mr. Lawrence altered or modified the performances of any of these works as a "director," it was based on the preexisting, original choreography developed by Myers and resulted in an unauthorized, derivative work.

5

27. At the Recital, pre-orders were taken for DVDs of the performances, which were priced at $25. On information and belief, The Dance Shop has sold and profited from sales of those DVDs.

28. On June 8, 2015, one of Myers's attorneys, Andrew Goldstein, sent a cease-and-desist letter to Jamelle Cunningham who, according to Harold, is or was Harold's attorney. Among other things, the letter reiterated Myers's demand that The Dance Shop cease and desist from any further performance, display or other use of any of the Choreographic Works.

29. Amanda Myers hoped that the cease-and-desist letter -- along with subsequent communications in this regard -- could effectively stop the infringement and compensate her, as a choreographer, without court involvement. To date, however, no substantive response has been received from Ms. Cunningham regarding Myers's demands.

30. Despite Myers's demands, on June 20, 2015, several dancers from The Dance Shop performed at "Alsip's Got Talent" in Alsip, Illinois. During that event, one dancer performed "*Music Box Dancer*" and two dancers performed *Piece Choreographed to the Song "Turn Down the What*." On information and belief, The Dance Shop and/or Harold had advance knowledge of these performances, directed the dancers to perform these works, and otherwise contributed to these performances.

31. In addition, dancers affiliated with The Dance Shop performed "*Music Box Dancer*", "*Guts and Glory*" and "*Desperate Housewives*" on July 4, 2015 at "Oak Lawn's Got Talent" and again on July 27, 2015 at RidgeFest in the Village of Chicago Ridge. On information and belief, The Dance Shop and/or Harold had advance knowledge of these performances, directed the dancers to perform these works, and otherwise contributed to these performances.

32. Prize money was awarded for one or more of the foregoing events and The Dance Shop received publicity in connection with these performances on, at a minimum, social media such as Facebook.

## COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

33. Myers incorporates by reference paragraphs 1-32 of her Complaint as if fully set forth herein.

34. The Copyright Act of 1976 explicitly protects choreographed works. 17 U.S.C. §102(a)(4).

35. As the owner in the copyright for the Choreographic Works, Myers has the exclusive right to, *inter alia*, perform the works publically and prepare derivative works of the Choreographic Works.

36. By their actions alleged herein, Defendants have violated plaintiff's exclusive rights in the copyrighted works at issue in violation of 17 U.S.C. § 501, including the rights to perform them publically and prepare derivative works based upon the copyrighted works.

37. By their actions alleged herein, Defendants have directly infringed and will continue to directly infringe Myers's copyrights in the Choreographic Works.

38. Harold acted willfully and knowingly and personally participated in the infringing activities, and otherwise used The Dance Shop to carry out her own deliberate infringement. In particular, Harold owns The Dance Shop, controls its operations, and was made personally aware on more than one occasion, that Myers refused to give The Dance Shop permission to use the Choreographic Works. Nevertheless, Harold included four different Choreographic Works, including derivative works, in the Recital and subsequently contributed to the infringement of the Choreographic Works in other performances.

39. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of Infringement and repeat infringement. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

40. As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights in the Choreographic Works and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

41. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, because the infringement was committed willfully, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Plaintiff further is entitled to her reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT II
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

43. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

44. Two of the Choreographic Works, "*Music Box Dancer*" and *Piece Choreographed to the Song "Turn Down the What*," were directly infringed when dancers affiliated with The Dance Shop performed these works on June 20, 2015 at "Alsip's Got Talent" in Alsip, Illinois.

45. Three of the Choreographic Works were also directly infringed when dancers affiliated with The Dance Shop performed "*Music Box Dancer*", "*Guts and Glory*" and "*Desperate Housewives*" on July 4, 2015 at "Oak Lawn's Got Talent" and again on July 27, 2015 at RidgeFest in the Village of Chicago Ridge.

46. On information and belief, The Dance Shop and/or Harold had advance knowledge of these performances, directed the dancers to perform these works, and otherwise contributed to these performances.

47. By knowingly and intentionally facilitating, encouraging and inducing dancers to perform one or more of Myers's Choreographic Works, or derivative works of the Choreographic Works, Defendants have contributorily infringed Plaintiff's copyrights and exclusive rights under copyright in violation of 17 U.S.C. § 501.

48. By their actions alleged above, Defendants have contributorily infringed and will continue to contributorily infringe Myers's copyrights in the Choreographic Works.

49. Harold acted willfully and knowingly and personally participated in the infringing activities, and otherwise used The Dance Shop to carry out her own deliberate infringement. In particular, Harold owns The Dance Shop, controls its operations, and was personally made aware that Myers refused to give The Dance Shop permission to use the Choreographic Works. Nevertheless, Harold went forward with facilitating, encouraging and inducing dancers to perform the Choreographic Works and/or derivatives thereof.

50. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement. Defendants' acts of contributory infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

51. As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

52. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, because the infringement was committed willfully, or such other amounts as may be proper under 17 U.S.C. § 504(c).

53. Plaintiff further is entitled to her reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### COUNT III
### UNJUST ENRICHMENT--QUANTUM MERUIT

54. Plaintiff incorporates by reference paragraphs 1-32 of her Complaint as if fully set forth herein.

55. Plaintiff conferred value upon Defendants in connection with the Choreographic Works which the Defendants willingly accepted.

56. Because Defendants have failed to pay Myers the fair value of the benefits and value conferred by Myers in connection with their continued use of the Choreographic Works after Myers terminated her relationship with Defendants, the Defendants will be unjustly enriched thereby.

57. To the extent that Plaintiff has no valid copyright claim for those benefits, she asserts a claim in quantum meruit for their full and fair value.

### **Prayer for Relief**

WHEREFORE, as to all Counts of this Complaint, Plaintiff Amanda Myers respectfully prays that this Court enter judgment in her favor and against Defendant The Dance Shop, Inc. and Defendant Tina Harold and grant the following relief:

    A. Judgment against each Defendant, jointly and severally, for all damages to which Plaintiff may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiff's election, for the maximum

statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

        B.     A permanent injunction enjoining Tina Harold, The Dance Shop, and The Dance Shop's officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with The Dance Shop and/or Tina Harold, from (i) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Choreographic Works, and (ii) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Choreographic Works;

        C.     An order requiring Defendants to (i) account for all gains, profits and advantages derived from their acts of infringement and their other violations of law, and (ii) destroy / recall DVDs and any other visual depictions of the Choreographic Works;

        D.     For prejudgment and post-judgment interest according to law;

        E.     For Plaintiff's reasonable attorneys' fees, and full costs and disbursements in this action; and

        F.     For such other and further relief as the Court may deem proper and just.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury of all issues triable by right of jury.

Respectfully submitted,

**AMANDA MYERS,**

Dated: August 24, 2015

By: _____
One of Her Attorneys

David L. Ter Molen (ARDC 6270715)
Andrew L. Goldstein (ARDC 6187568)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

11